# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **BOBBY RAGSTON #496353** | § | |
| | § | |
| **V.** | § | **A-08-CA-773-LY** |
| | § | |
| **SHERIFF J.W. JANKOWSKI, LT. ALAN** | § | |
| **RUNGE, CORP. DANIEL CASWELL, and** | § | |
| **SGT. GLADYS JOHNSON** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Plaintiff's more definite statement (Document No. 10); Defendant Caswell's Motion for Summary Judgment (Document No. 21); and Plaintiff's amended response thereto (Document No. 25). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I.  BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in a prison unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff files this action pursuant to 42 U.S.C. § 1983 regarding his previous confinement at the Washington County Jail. According to Plaintiff, his breakfast on September 8, 2007, contained a piece of metal on which he bit, chipping two of his teeth. Plaintiff complains he did not receive any assistance in the matter

when he told jail staff about the metal. Plaintiff also asserts he was assaulted by Corporal Caswell at the jail on November 28, 2007. According to Plaintiff, Caswell snatched him by the arm and pointed the butt-end of a flashlight at Plaintiff's face. Plaintiff sues Sheriff J.W. Jankowski, Lieutenant Alan Runge, Corporal Daniel Caswell, and Sergeant Gladys Johnson. He seeks an unspecified amount of monetary damages, dental treatment, and the termination of unspecified Washington County Jail staff.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement, specifying what acts each of the named defendants did to cause him damage. Plaintiff specifies that Sheriff Jankowski failed to respond to Plaintiff's grievance regarding his chipped teeth. Plaintiff similarly alleges Jankowski never assisted with regard to Plaintiff's shoulder injury but admits the sheriff might not have known about the incident.

With regard to Lieutenant Runge, Plaintiff alleges he threatened to have Plaintiff's parole revoked because Plaintiff had written to a state representative and a judge about his chipped teeth. Plaintiff admits he was called out the following day to see a dentist, but Plaintiff refused to go, claiming he was scared. Plaintiff also asserts he asked Runge to assist him in filing charges against Corporal Caswell, but Runge allegedly told him he could not file charges because Plaintiff was leaving for TDCJ.

Plaintiff alleges Sergeant Johnson also did not assist him with regard to his chipped teeth or his shoulder injury. According to Plaintiff, Johnson told him, "that's what happens when you come to jail." Plaintiff also alleges Johnson heard Runge's threat and heard Caswell tell Plaintiff that he could do whatever he wants to Plaintiff.

With regard to Corporal Caswell, Plaintiff alleges Caswell came to get him and Inmate Holmes to take some pictures. According to Plaintiff, Officer Bates was playing around with the camera, so Plaintiff and Holmes returned to their cell. Plaintiff asserts he was in his bunk when Caswell grabbed Plaintiff by the arm and pulled him almost halfway out of the bunk. Plaintiff contends Caswell nearly pulled his arm out of socket. Caswell allegedly let go of Plaintiff and pointed his flashlight in Plaintiff's face. According to Plaintiff, he got up and went to Sergeant Johnson to ask "what gives" and then went to take his picture.

After consideration of Plaintiff's complaint, the Court ordered service upon Defendant Caswell only. Caswell moves for summary judgment, arguing he is entitled to qualified immunity. Caswell denies he used any force against Plaintiff and specifically denies grabbing Plaintiff's arm, pulling Plaintiff by his arm from his bunk, or assaulting Plaintiff with his flashlight. According to Caswell, Plaintiff and Inmate Holmes failed to "obey an order to submit to booking photographs." Upon entering the Plaintiff's housing area, Caswell asserts he removed a blanket covering Plaintiff and continued to give a verbal order for Plaintiff to proceed to the booking area. Caswell states that Plaintiff raised a finger towards him which he pushed away. Following a brief discussion, Caswell asserts Plaintiff complied with the orders to walk to the booking area.

Alternatively, Caswell argues Plaintiff suffered no injury. He asserts that Plaintiff was seen by the jail doctor after the incident, and submits Dr. Yoffie's progress notes, which state:

> Ragston, Bobby claims officer pulled him off bed and now c/o [complains of] shoulder pain. Pt. [patient] has good movement in all directions of shoulder girdle. No pain in R [right] clavicle. Shoulder doesn't appear out of the jt [joint] (dislocated).

See Defendant's Exhibit C to Affidavit of Angela Heard (Exhibit B).

In his amended response, Plaintiff reasserts that Caswell snatched him by the arm. Plaintiff claims he has three witnesses to the incident. In addition, Plaintiff alleges he has had pain in his shoulder ever since the incident and he has sought medical treatment at TDCJ for his injury. Plaintiff indicates his shoulder injury has resulted in bursitis for which he has had to take a variety of pain medication, including Naproxen, Indosien, IBU, Tylenol, Meloxicam and Aspirin. In addition, Plaintiff asserts he required an injection of Lidocaine and Kenalog in his shoulder. According to Plaintiff, he cannot lay on his shoulder for very long and he cannot scratch his back or lift weights like he did prior to his injury. Plaintiff also asserts he cannot throw a football as far. Plaintiff maintains he is a brake technician and he fears he will have difficulty performing his job in the future.

Attached to Plaintiff's response is his request to TDCJ officials regarding his medical care at TDCJ. However, the I-60 has not been properly authenticated and has not been considered by the Court.

## II. ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's

pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

B.      Standard of Review Under Fed. R. Civ. P. 56(c)

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059, 112 S. Ct. 936 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); Fed. R. Civ. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322, 106 S. Ct. at 2552. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential element of the non-movant's claims or affirmative defenses. Id. at 323-24, 106 S. Ct. at 2554. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Fed. R. Civ. P. 56(e); Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586, 106 S. Ct. 1356)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

C.    Supervisors

It appears that Plaintiff has targeted Defendants Jankowski, Runge, and Johnson not because of their personal involvement in the perceived wrongs against him, but instead because they hold positions of authority or have supervisory responsibilities. "[T]here is no concept of supervisor strict liability under section 1983." Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996). Further, an official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or respondeat superior liability.").

In addition, a prisoner "does not have a federally protected liberty interest in having [his] grievances resolved to his satisfaction." Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff also does not have a constitutional right to have someone criminally prosecuted. Oliver v. Collins, 914 F.2d 56 (5th Cir. 1990). Finally, "[t]he fact that the food occasionally contains foreign objects or sometimes is served cold, while unpleasant, does not amount to a constitutional

deprivation." Hyder v. Perez, 85 F.3d 624 (5th Cir. 1996) (citing Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985)). Accordingly, Plaintiff has failed to allege a valid constitutional violation against Defendants Jankowski, Runge, and Johnson.

D.    Qualified Immunity

Defendant Caswell asserts his entitlement to qualified immunity with regard to Plaintiff's claims brought against him in his individual capacity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Immunity in this sense means immunity from suit, not merely from liability. Jackson v. City of Beaumont, 958 F.2d 616 (5th Cir. 1992). "Qualified immunity is designed to shield from civil liability all but the plainly incompetent or those who violate the law." Brady v. Fort Bend County, 58 F.3d 173, 174 (5th Cir. 1995).

To rebut the qualified immunity defense, the plaintiff must show: (1) that he has alleged a violation of a clearly established constitutional right, and (2) that the defendant's conduct was objectively unreasonable in light of clearly established law at the time of the incident. Waltman v. Payne, 535 F.3d 342, 346 (5th Cir. 2008) (footnote omitted). To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present "absolute proof," but must offer more than "mere allegations." Reese v. Anderson, 926 F.2d 494, 499 (5th Cir. 1991).

For several years, the Supreme Court required that the first of these criteria—whether plaintiffs' facts allege a constitutional violation—must be decided at the outset. Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001). Recently, however, the Court reversed course, holding

7

that lower courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Pearson v. Callahan, --- U.S. ----, 129 S. Ct. 808 (2009).

### 1. Excessive Force

To state a claim for excessive force, Plaintiff must show that the force was not applied in a good-faith effort to maintain or restore discipline, but was applied maliciously and sadistically to cause harm, and that the injury he suffered was more than de minimis, but not necessarily significant. Hudson v. McMillian, 503 U.S. 1, 6, 10, 112 S. Ct. 995 (1992); Gomez v. Chandler, 163 F.3d 921, 923-24 (5th Cir. 1999); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). The factors to be considered are (1) the extent of the injury suffered; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any effort made to temper the severity of a forceful response. Gomez, 163 F.3d at 923. "In determining whether an injury caused by excessive force is more than de minimis, we look to the context in which that force was deployed." Williams v. Bramer, 180 F.3d 699, 703 (5th Cir. 1999). "[T]he amount of injury necessary to satisfy our requirement of 'some injury' and establish a constitutional violation is directly related to the amount of force that is constitutionally permissible under the circumstances." Id. at 703-04 (quoting Ikerd v. Blair, 101 F.3d 430, 434 (5th Cir. 1996)).

In this case, Plaintiff asserts Caswell pointed a flashlight at Plaintiff's face. However, Plaintiff admits Caswell did not touch him with the flashlight. Accordingly, Plaintiff has failed to allege any injury with respect to the flashlight, and Caswell is entitled to summary judgment on this claim.

On the other hand, Plaintiff alleges Caswell grabbed his arm and tried to pull him off of his bunk. Plaintiff alleges his shoulder was injured. The doctor at the Washington County Jail examined Plaintiff and determined Plaintiff had good movement of his shoulder girdle and had no pain in his right clavicle. See Defendant's Exh. C. The doctor recommended heat and Ibuprofen for the injury. Id. He further indicated a re-evaluation would be needed if the shoulder was not better in several days. Id. Plaintiff was subsequently transferred to TDCJ. While at TDCJ, Plaintiff asserts he received additional medications for pain and an injection of Lidocaine and Kenalog for treatment of his shoulder injury. See Plaintiff's Amended Response.

Caswell simply denies he pulled Plaintiff's arm. Thus, he makes no argument, nor does he submit any summary judgment evidence, with regard to: (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any effort made to temper the severity of a forceful response. There is plainly an issue of fact regarding whether Caswell used any force in removing Plaintiff from his bunk. Further, the Court has no evidence on the issues of whether excessive force was used to remove Plaintiff from his bunk, whether Plaintiff suffered more than a de minimis injury necessary to sustain his claim, and whether Defendant Caswell's conduct was objectively unreasonable. These fact issues therefore remain for trial.

E.      Official Capacity Claims

Plaintiff's claims brought against the defendants in their official capacities are claims brought against Washington County. However, a political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words a local government unit cannot be held responsible for civil rights violations under the theory of respondeat

superior.  Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992).  The standard for holding a local government unit responsible under § 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right.  Id; Collins v. City of Harker Heights, Tex., 916 F.2d 284, 286 (5th Cir. 1990), aff'd, 503 U.S. 115, 112 S. Ct. 1061 (1992).  Thus, Washington County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations or through informal acceptance of a course of action by its employees based upon custom or usage.  Bennett v. City of Slidell, 728 F.2d 762, 768 (5th Cir. 1984), cert. denied, 472 U.S. 1016, 105 S. Ct. 3476 (1985).  A single decision made by an authorized governmental decisionmaker to implement a particular course of action represents an act of official government "policy."  Pembaur v. Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986).  Plaintiff failed to identify a policy, practice or custom of Washington County that caused a deprivation of his constitutional rights.  Accordingly, Plaintiff's claims against the defendants in their official capacities should be dismissed.

### III.  RECOMMENDATION

The undersigned recommends that the District Court **DISMISS** Plaintiff's claims brought against the defendants in their official capacities as well as Plaintiff's claims brought against Defendants Jankowski, Runge and Johnson in their individual capacities for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). The undersigned further recommends that the District Court **GRANT IN PART AND DENY IN PART** Defendant Caswell's Motion for Summary Judgment.  Specifically, Defendant Caswell's Motion for Summary Judgment should be granted with respect to Plaintiff's claim involving the threat with the flashlight and denied with respect to Plaintiff's claim involving his shoulder injury.

10

## IV. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of June, 2009.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE